BEER, Judge,
dissenting.
The majority observes:
“We think the award should be reduced, but we cannot articulate reversal-reduction logic within the ‘parameters’ set by the Supreme Court.”
The significance of this acknowledgment is underlined in the dissenting opinion of Mr. Justice Blanche in Reck v. Stevens, 373 So.2d 498 (La.1979), when he stated:
“For the record, this writer is in agreement with the Court of Appeal that $10,-000 was excessive in the instant case, although I am really unable to say why.”
In the majority opinion which reversed this court in Reck, supra, Mr. Justice Tate made reference, by footnote, to our opinion in Gaudet v. Allstate Ins. Co., 346 So.2d 333 (La.App. 4th Cir. 1977), observing:
“Although we denied certiorari, 350 So.2d 892 (La.1977) (“On the facts found by the Court of Appeal, the result is correct”), our denial of certiorari to an application for a writ of review does not indicate approval of the rationale (or even of the result), see Coco at 341 So.2d 335 and Gaspard at 158 So.2d 153; only that we declined at that time to exercise supervisory review.”
The views which I expressed in behalf of the majority of the panel of this court that decided Gaudet are the same views which I hold regarding the quantum award in this case. I will not clutter the record with their reiteration.
With the greatest of respect for the author of the Supreme Court’s majority opinion in Reck, and for the court, itself, I am, nevertheless, unable to resolve, in their favor, my own obligation — by constitutional mandate — to exercise my full powers as judge of this court. Thus, acknowledging a linguistic inability (similar to that of Mr. Justice Blanche) to articulate “why”, within the guidelines that seem to be imposed by the Supreme Court in Reck and its ancestors — I, nevertheless, respectfully, dissent. Within the imposed guidelines, I am really unable to say why $50,000 is excessive — but I know that it is.